FILED

**NOT FOR PUBLICATION**

JAN 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIDNEY JACOBS, | No. 09-17316 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00832-PMP-GWF |
| v. | |
| MICHAEL TANCHEK, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted January 12, 2011[**]
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Sidney Jacobs appeals the district court's dismissal of his suit brought

pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jacobs is a banquet server at the Mandalay Bay Casino ("Mandalay"). He is a member of a union, and the terms of his employment are bound by a collective bargaining agreement. In an administrative complaint before Michael Tanchek, Nevada Labor Commissioner, Jacobs alleged that Mandalay increased gratuity charges to its customers and failed to account for these additional sums in its ultimate distribution of gratuities to banquet servers.

Tanchek dismissed Jacobs's claim without prejudice until Jacobs could demonstrate that he had exhausted remedies available to him under the collective bargaining agreement. Rather than exhaust those remedies, Jacobs filed the instant suit in federal district court under 42 U.S.C. § 1983 against Tanchek in his individual and official capacities. Jacobs claims that the exhaustion procedure required by Nevada State law, as enforced by Tanchek, constitutes a deprivation of his federally protected right to freely participate in collective bargaining.

We review the dismissal for failure to state a claim de novo, and we can affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment. *Eminence Capital LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003).

2

I

Any claim against Tanchek in his individual capacity is waived because Jacobs does not mention an individual capacity claim in his opening brief. *See Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995). Moreover, he concedes in his reply brief that any individual capacity claim was an error in pleading and urges the court to excuse it. The district court's dismissal of the claim is affirmed.

II

Jacobs's official capacity claim turns on whether the exhaustion procedure as required by Nevada Administrative Code section 607.100 constitutes a deprivation of his federally protected right to freely participate in collective bargaining. It does not.

Jacobs analogizes his case to *Lividas v. Bradshaw*, 512 U.S. 107 (1994). However, the facts of that case are distinguished from those here. In *Lividas*, the state department of labor declined to hear Lividas's claim because the collective bargaining agreement to which Lividas was a party provided that all disputes were to proceed to arbitration. *Id.* at 112. The state completely foreclosed Lividas's state-law rights and remedies because of her union membership. The Court held that Lividas had properly alleged a § 1983 claim, reasoning that a state's refusal to enforce state labor law because an employee's collective bargaining agreement

provided for arbitration of disputes constituted an abridgment of the federally protected right to participate in collective bargaining.

The reasoning of *Lividas* supports the proposition that the decision to join in a collective bargaining agreement cannot be burdened by a union member's potential loss of rights under state law. However, in this case, Tanchek's dismissal without prejudice for failure to exhaust does not constitute a loss of state-law rights on par with that in *Lividas*. The State has not completely foreclosed relief to Jacobs; it simply requires that Jacobs demonstrate that he has exhausted his remedies – the very remedies he has bargained-for – or that he demonstrate why such remedies are inadequate or unavailable. Admittedly, employees who are not party to a collective bargaining agreement need not do so, but not every distinction that a state draws between union and non-union employees gives rise to a suit for deprivation of a federal right. *See Lividas*, 512 U.S. at 134-35. The exhaustion requirement may amount to a slight delay on Jacobs's ultimate route to state court relief, but it is not the road block that was at issue in *Lividas*.

Because Jacobs has failed to allege the deprivation of a federally protected right, the decision of the district court is affirmed.

**AFFIRMED.**

4

*Jacobs v. Tanchek*, **No. 09-17316**
**Rawlinson, Circuit Judge, concurring:**

I concur in the judgment on the basis that Sidney Jacobs, the Plaintiff in this case, failed to establish the existence of a constitutionally protected property interest as is required to pursue a claim under 42 U.S.C. § 1983. *See Wheaton v. Webb-Petett*, 931 F.2d 613, 615-16 (9th Cir. 1991).